**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ROBERT GREEN,** | § | |
| **PLAINTIFF,** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **v.** | § | |
| | § | |
| **UNITED PARCEL SERVICE, INC.** | § | |
| **DEFENDANT.** | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

### Preliminary Statement

1. This is an employment discrimination action brought pursuant to 42 U.S.C. § 1981 ("Section 1981"). Plaintiff Robert Green seeks relief for race discrimination, retaliation, and a hostile work environment.

2. At all relevant times, Plaintiff Robert Green ("Green" or "Plaintiff") is a Black male who repeatedly complained about race discrimination and a racially hostile work environment. Instead of correcting the misconduct, Defendant retaliated against him after he voiced these complaints.

3. Defendant United Parcel Service, Inc. ("UPS" or "Defendant") is an employer engaged in interstate commerce and is subject to liability under Section 1981. Defendant may be served through its registered

1

agent, Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## Jurisdiction

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

5. Plaintiff seeks declaratory, injunctive, and equitable relief pursuant to Section 1981.

6. Plaintiff also seeks compensatory and punitive damages pursuant to Section 1981.

7. Plaintiff seeks recovery of costs and attorneys' fees as permitted by Section 1981.

## Venue

8. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b), because the unlawful employment practices and other misconduct giving rise to this action occurred in this judicial district.

## Factual Background

9. Plaintiff Green began working for Defendant on or about July 18, 2018. At the time of the events giving rise to this lawsuit, Green was employed as a Driver and was subject to a Collective Bargaining Agreement ("CBA"). The CBA requires Defendant to utilize progressive discipline

before imposing severe disciplinary actions such as suspension or termination.

10.     Beginning in or around 2023 and continuing through the present, Defendant repeatedly subjected Green to extreme and unjustified disciplinary actions. Specifically, UPS suspended him twice and terminated him four separate times for alleged violations of the CBA, most frequently accusing him of "dishonesty." Each disciplinary action was approved by non-Black managers.

11.     In every instance, UPS's own Building Manager ultimately determined that the discipline imposed against Green lacked legitimate grounds. As a result, Green was reinstated each time. Nevertheless, these unjustified terminations and suspensions caused Green to lose substantial wages, employment benefits, and health insurance coverage, placing severe financial and emotional strain on him and his family.

12.     The first termination occurred in October 2023, followed by another termination on March 14, 2024. Green was terminated again in December 2024 and once more in October 2025. In addition, he was suspended in May 2025 and again later that same year.

13.     During the final termination in October 2025, UPS falsely alleged that it observed Green purchasing and consuming alcohol while on duty and operating a company vehicle. Despite claiming to have witnessed

this extremely serious safety violation, UPS did not administer an alcohol test, did not remove Green from duty, and allowed him to complete the remainder of his shift. The allegation was later proven to be false. UPS failed to follow its own policies and procedures, further demonstrating the baseless nature of the accusation.

14.     Although Green was ultimately reinstated each time, the repeated suspensions and terminations have inflicted severe psychological stress and emotional distress. The pattern of discipline has created constant fear and instability in Green's employment.

15.     Since at least 2025, Defendant has disproportionately disciplined Black drivers compared to non-Black drivers. Another Black UPS driver, Jacobi Francis, has filed charges with the Equal Employment Opportunity Commission alleging similar discriminatory discipline affecting himself, Green, and other Black drivers.

16.     Many other Black drivers fear coming forward because they have witnessed the retaliation suffered by Green, Francis, and others who attempted to defend themselves against discriminatory treatment. Green and Francis believe this conduct reflects an ongoing pattern and practice of discriminatory discipline.

17.     Despite Green's repeated complaints regarding harassment, discrimination, and retaliation, UPS failed to conduct any meaningful or

independent investigation through Human Resources or any other department. Instead, the discriminatory conduct was allowed to continue and intensify.

18.     Any reasons that Defendant may offer for disciplining, reprimanding, suspending, or terminating Green are pretextual and were manufactured to conceal unlawful discrimination, retaliation, and harassment. The frequency and severity of the disciplinary actions strongly indicate a deliberate effort by Defendant to force Green to resign from his position.

19.     As a result of Defendant's conduct, Green has been forced to seek professional counseling and therapy in order to cope with the emotional trauma caused by UPS's unlawful actions.

20.     Defendant's conduct has also caused severe financial hardship. Green is responsible for supporting a disabled child who requires ongoing care and medical support. The repeated and unjustified loss of income and insurance coverage has placed extraordinary strain on his ability to support his family.

21.     Green has no plain, adequate, or complete remedy at law to fully redress the wrongs he has suffered. Unless the unlawful conduct is remedied by this Court, he will continue to suffer irreparable injury as a result of Defendant's discrimination, retaliation, and harassment.

22.     Green has suffered and continues to suffer emotional distress, mental anguish, humiliation, inconvenience, loss of enjoyment of life, and other pecuniary losses as a direct result of Defendant's unlawful actions.

23.     Green will also continue to suffer future pecuniary losses as a direct result of Defendant's unlawful conduct.

24.     The repeated and escalating nature of Defendant's actions demonstrates willful and malicious disregard for Green's federally protected rights under Section 1981. Defendant's conduct warrants the imposition of punitive damages.

## Causes of Action

25.     Plaintiff incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

26.     Race was a motivating factor in the adverse employment actions and hostile work environment that Green has been forced to endure for nearly three years. Defendant's conduct constitutes a willful and malicious violation of Section 1981.

## Prayer for Relief

27.     WHEREFORE, Plaintiff Robert Green respectfully requests that this Court:

a. Declare that Defendant's conduct violated Plaintiff's rights under federal law;

b. Enjoin Defendant from continuing the unlawful conduct described herein;

c. Award Plaintiff economic damages for lost wages, benefits, and other financial losses;

d. Award compensatory and punitive damages to the fullest extent permitted by law;

e. Award Plaintiff reasonable attorneys' fees and costs; and

f. Grant such other and further relief as the Court deems just and proper.

## **Jury Trial**

28.    Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ *Victoria L. Plante*
VICTORIA L. PLANTE
Texas Bar No. 00798436
Southern District. No. 21235
PLANTE LAW FIRM, P.C.
5177 Richmond Avenue Suite 1140
Houston, Texas 77056
Telephone: (713) 526-2615
Email: victoria@plantelawfirm.com

ATTORNEY FOR PLAINTIFF
ROBERT GREEN